UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

N̲ATHAN̲ A. V̲IN̲CEN̲T,

    Plaintiff,

v.

R̲ESURRECTION̲ C̲EMETERY,

    Defendant.

Case No. 17-cv-10733

U̲N̲ITED S̲TATES D̲ISTRICT C̲OURT J̲UDGE
G̲ERSHWIN̲ A. D̲RAIN̲

U̲N̲ITED S̲TATES M̲AGISTRATE J̲UDGE
R. S̲TEVEN̲ W̲HALEN̲

_____/

**O̲PIN̲ION̲ AN̲D O̲RDER D̲EN̲YIN̲G D̲EFEN̲DAN̲T'S M̲OTION̲ FOR S̲UMMARY J̲UDGMEN̲T [16]**

**I.     Introduction**

Plaintiff Nathan Vincent commenced this action on March 7, 2017.  *See* Dkt. No. 1.  Vincent alleges that the Defendant Mt. Elliot Cemetery Association d/b/a Resurrection Cemetery violated federal law under the Americans with Disabilities Act ("ADA") through discriminating against him (Count I) and retaliating against him (Count II).  *See id.* at pp. 13–19 (Pg. ID 13–19).  He also claims the Defendant violated Michigan law pursuant to the Persons with Disabilities Civil Rights Act ("MPDCRA") through discriminating against him (Count III) and retaliating against him (Count IV).  *See id.*

Presently before the Court is the Defendant's Motion for Summary Judgment

on Counts I and II [16].[1] The motion is fully briefed. The Court will decide the motion without a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the foregoing reasons, the Court will DENY the Defendant's Motion for Summary Judgment on Counts I and II.

**II. Background**

Plaintiff is a resident of Macomb County, Michigan. Dkt. No. 1, p. 2 (Pg. ID 2). The Defendant is a nonprofit organization based in Clinton, Michigan, and the Defendant provides burial services. *Id.*

The Plaintiff was employed by the Defendant from October 15, 2014 until his termination on November 23, 2015. *Id.* at pp. 2, 13 (Pg. ID 2, 13). Vincent was paid by commission and served as a family counselor, a role comprised of two functions. *Id.* at pp. 2–3 (Pg. ID 2–3). The first function was serving as a primary contact for families interested in burial services. *Id.* The second was a "duty shift," and in this role he sat in a reception center and answered telephone calls from prospective clients. *Id.* at p. 3 (Pg. ID 3). Because employees were paid on commission, this

---

[1] Because the Defendant's summary judgment motion does not include arguments regarding the merits of Plaintiff's discrimination or retaliation claims, or the MPDCRA specifically, the Court finds that the motion does not challenge Counts III and IV of the Complaint. *See Smith v. Perkins Bd. of Educ.*, 708 F.3d 821, 829 (6th Cir. 2013) (holding that "Plaintiff did not have sufficient notice that summary judgment would be granted against her on alternative grounds because the entirety of the discussion and argumentation surrounding summary judgment focused on the issue of collateral estoppel.").

2

duty shift role (which employees performed on several occasions a month) offered a chance for immediate sales, and correspondingly, more income. *Id.* The role was also an important component of whether family counselors secured sales after developing initial contacts with clients. *Id.*

Vincent contends that when he was first hired in October 2014, he told the Defendant that he was hearing impaired. *Id.* at pp. 3–4 (Pg. ID 3–4). He claims that Tim Burrows, then the director of sales and the training instructor, ignored two informal requests by Vincent for accommodation in December 2014. *Id.* at p. 4 (Pg. ID 4). Vincent also alleges that co-workers, including Burrows, taunted him because of his impairment and that he was unfairly punished for, among other things, utilizing accommodations available to all of Defendant's employees. *Id.* at pp. 7–8, 11 (Pg. ID 7–8, 11).

A.   Equal Employment Opportunity Commission Charges

Vincent filed his first complaint with the Equal Employment Opportunity Commission ("EEOC") on October 23, 2015 ("Charge 1"), and this complaint alleged discrimination by the Defendant related to Plaintiff's hearing impairment. *Id.* at p. 11 (Pg. ID 11). Plaintiff claims that five days after this initial complaint, he was wrongfully disciplined twice within two hours. *Id.* The Defendant then terminated Plaintiff's employment on November 23, 2015. *Id.* at p. 13 (Pg. ID 13).

On December 15, 2015, Vincent completed and signed an EEOC intake

questionnaire representing a desire to file a charge with the EEOC against the Defendant for two reasons: (1) retaliation based on his first complaint to the EEOC; and (2) again because of discrimination regarding disability ("Charge 2"). *See* Dkt. No. 16-3.

On February 2, 2016, the EEOC issued a right to sue letter on this second complaint, as Vincent failed to return an executed notice of charges. *See* Dkt. No. 20-4. At the time the EEOC issued this right to sue letter, the first complaint filed with the EEOC had not been resolved. On February 10, 2016, Vincent filed a third complaint with the EEOC, alleging only that the Defendant had retaliated against him because of his complaints to the EEOC ("Charge 3"). *See* Dkt. No. 20-7.

The EEOC issued a right to sue letters on Vincent's first and third charges on December 13, 2016 and December 16, 2016, respectively.

## III. Legal Standard

Under Federal Rule of Civil Procedure 56(a), "[a] court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A court must view the facts and draw reasonable inferences from the facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). No genuine dispute of material fact exists where the record "taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus.*

*Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The key inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

**IV.    Discussion**

The Defendant requests that the Court grant summary judgment on the Plaintiff's claim of discrimination under the ADA (Count I) and retaliation under the ADA (Count II). The Court will hold that the Defendant is not entitled to summary judgment on Counts I and II.

   A.    Statute of Limitations

The parties do not argue the summary judgment motion on the merits.[2] Rather, they dispute whether the Plaintiff has complied with the requirement that a complaint be filed in court within ninety days of a right to sue letter issued by the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); *see also Seoane-Vazquez v. Ohio State Univ.*, 577 F. App'x 418, 426 (6th Cir. 2014) ("Once the EEOC decided not to pursue the

---

[2] In the summary judgment motion, the Defendant wrote "[a]lthough Defendant argues that any and all accommodations were provided and that they complied with all laws, that is not the subject matter of this motion and will not be addressed herein." *See* Dkt. No. 16, p. 2 & n.1 (Pg. ID 81). Likewise, the Plaintiff began his response to the motion by noting that "[a]lthough the instant litigation arose because Defendant failed to accommodate Plaintiff, discriminated against him on the basis of his disability, and then retaliated against him, that is not the subject of Defendant's Motion. Therefore, Plaintiff's Response will not address the merits of his discrimination or retaliation claims." Dkt. No. 20, p. 10 (Pg. ID 137).

5

claim, Plaintiff had ninety days to bring suit."). The Defendant asserts it is entitled to summary judgment because the Plaintiff did not file a lawsuit in federal court within ninety days of the February 2, 2016 notice of the right to sue. Vincent, to the contrary, contends that this right to sue letter does not refer back to an administrative charge, and therefore, it does not control the date by which Plaintiff had to commence the litigation. The Court agrees with the Plaintiff.

An "administrative charge" filed with the EEOC—needed to exhaust administrative remedies on a Title VII claim—must satisfy the following requirements:

> [T]he filing (1) must be 'verified'—that is, submitted under oath or penalty of perjury, 29 C.F.R. § 1601.3(a); (2) must contain information that is 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of,' *id.* § 1601.12(b); and (3) must comply with *Holowecki*—that is, an 'objective observer' must believe that the filing 'taken as a whole' suggests that the employee 'requests the agency to activate its machinery and remedial processes.'

*Williams v. CSX Transp. Co., Inc.*, 643 F.3d 502, 509 (6th Cir. 2011) (quoting *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 398, 402 (2008)).

Several district courts in the Sixth Circuit have evaluated the issue before this Court: whether an intake form constitutes an administrative charge. Based on the decisions of these courts, the Court finds that the December 15, 2015 complaint is not an administrative charge. Therefore, the February 2, 2016 right to sue letter does not govern when the Plaintiff was required to file suit in this Court.

6

One of the relevant cases decided in this Circuit is *Nadel v. Time Warner Cable LLC*, No. 1:15-cv-447, 2016 WL 5478511, at *6 (S.D. Ohio Sept. 28, 2016). In that case, the court concluded that the plaintiff failed to exhaust his administrative remedies because the intake claim was not an administrative charge. "[A]t no time did plaintiff submit a signed and verified questionnaire or charge to the EEOC," the Court emphasized, "and neither did he submit a subsequent charge that cured the defects in the intake questionnaire." *Id.* The court reached this conclusion despite evidence that the EEOC had created a charge number for the plaintiff's claim, had sent the plaintiff a draft charge that contained the information mandated by 29 C.F.R. § 1601.12(a), and had given the defendant notice of the charge. *Id.*

Likewise, the court in *Sorrell v. Home Depot U.S.A., Inc.*, No. 00–1188, 2002 WL 1397244, at *2–3 (W.D. Tenn. Jan. 2, 2002), found that the plaintiff had not filed a charge through two pages submitted to the EEOC. The first page was an intake questionnaire, unsigned at the signature line where a person may swear to the truthfulness of the statement therein. *Id.* at *2. Also on this first page, the plaintiff indicated that the fact section needed revising and that proposed revisions were attached. *Id.* The second page was the amended fact statement. *Id.* The plaintiff signed this page, but there was no indication that the signature was under oath. *Id.* The second page did include, however, a note from the plaintiff instructing another person to revise the first page and to then return a new version for the plaintiff's

7

signature. *Id.* The court held that this submission did not constitute a charge because "[t]he signature on the request was not intended to be a signature of the charge form, it was simply an unverified signature on a request for a change in the charge." *Id.* at *3.

A pair of cases offers insight into situations where courts have held that intake questionnaires were administrative charges. The first case is *Dimas v. Mich. Dept. of Civil Rights*, No. 4:02-cv-178, 2004 WL 1397558 (W.D. Mich. Mar. 19, 2004). There, the court reasoned that the questionnaire contained all the information needed for a charge and, although it was unclear whether the plaintiff signed the questionnaire, the plaintiff later submitted a formal charge which cured any defects arising from a failure to sign. *Id.* at *6. The court also noted that several actions by the EEOC further supported its conclusion, including the assignment of a charge number to plaintiff's claim, the mailing of charge-related documents to the defendant prior to the filing of the formal charge, and an indication in a letter to the plaintiff that a charge had indeed been filed. *Id.*

Second, instructive is *Woods v. Facility Source LLC*, No. 2:13-cv-621, 2015 WL 247980, at *4 (S.D. Ohio Jan. 20, 2015). In that case, the court concluded that the plaintiffs had filed an administrative charge, where the plaintiffs submitted intake questionnaires to the EEOC along with letters that included their signatures and a declaration that the letters were signed under the penalty of perjury. *Id.* The letters

8

also contained the information required by 29 C.F.R. § 1601.12(a), for example, additional facts regarding the alleged discrimination. *Id.* The court made this determination despite evidence in the record that the plaintiffs had not signed and returned the charge forms sent to them by the EEOC. *Id.*

Here, as in *Nadel* and *Sorrell*, there is no evidence that the Plaintiff verified the December 15, 2015 intake form. *See* Dkt. No. 20-3. Vincent did sign this form. Yet the document does not reflect that his signature was under the penalty of perjury. And, unlike the plaintiffs in *Woods*, Vincent did not accompany the intake form with a supplemental submission that he swore was true under oath. *Dimas* is also distinguishable because in contrast to the plaintiff there, Vincent did not execute the formal notice of charge associated with the intake form and, thus, did not cure any technical defect in his form. *See* Dkt. No. 20-4.

Accordingly, the Court holds that the December 15, 2015 intake questionnaire was not an administrative charge. It follows then that (1) the February 2, 2016 right to sue letter is not operative on Plaintiff's claims before the Court; and (2) the Plaintiff has filed this suit within ninety days of the EEOC right to sue letters regarding Charges 1 and 3.[3] Because the Plaintiff has complied with the ninety day requirement, the Court will deny the Defendant's summary judgment motion on

---

[3] The Plaintiff received a right to sue letters from the EEOC regarding Charges 1 and 3 on December 13, 2016 and December 16, 2016, respectively. *See* Dkt. Nos. 20-6, 20-8. The Plaintiff initiated this litigation on March 7, 2017. *See* Dkt. No. 1.

Counts I and II.

**V.    Conclusion**

In light of the foregoing, the Court will DENY the Defendant's Motion for Summary Judgment [16]. The Court will deny the motion on Plaintiff's claims for discrimination under the ADA (Count I) and retaliation under the ADA (Count II).

IT IS SO ORDERED.

Dated: January 22, 2018                          /s/Gershwin A. Drain
                                                 GERSHWIN A. DRAIN
                                                 United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 22, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk