UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN A. VINCENT,

Plaintiff,

v.

RESURRECTION CEMETERY,

Defendant.

Case No. 17-cv-10733

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [26]

### I. Introduction

The Plaintiff—Nathan A. Vincent—initiated this litigation on March 7, 2017. *See* Dkt. No. 1. He sued the Defendant, Resurrection Cemetery, alleging it discriminated and retaliated against him in contravention of the Americans with Disabilities Act ("ADA") and the Persons with Disabilities Civil Rights Act under Michigan law. *See id.* at pp. 13–19 (Pg. ID 13–19). The Defendant moved for summary judgment on November 13, 2017, and the Court denied the motion on January 22, 2018. *See* Dkt. Nos. 16, 22.

Presently before the Court is the Defendant's Motion for Reconsideration of the Court's Opinion and Order Denying the Defendant's Summary Judgment Motion [26]. The Defendant moves under Rule 59(e) of the Federal Rules of Civil Procedure

and Local Rule 7.1(h), and filed this motion on February 5, 2018. The Court has not ordered a response from the Plaintiff. *See* E.D. MICH. L.R. 7.1(h)(2). For the foregoing reasons, the Court will DENY the Defendant's Motion for Reconsideration [26].

**II.     Discussion**

The sole issue on summary judgment was whether the Plaintiff's December 15, 2015 Equal Employment Opportunity Commission ("EEOC") intake questionnaire constituted a "charge." All agree that if Plaintiff's intake questionnaire was a charge, then his claim must fail. In that scenario, he would have had to—but did not—file a claim in federal court within ninety days of the February 2, 2016 a right to sue letter.[1] *See* Dkt. No. 22. Because the intake questionnaire was not verified, the Court concluded it was not a charge and that Vincent's claim was timely filed. *See id.* Thus, the Court denied the Defendant's summary judgment motion. *See id.* As this ruling was not clear or palpable error, the Court will deny the Defendant's Motion for Reconsideration.

    A.     Charge Requirements for ADA Claim

Parties moving for reconsideration bear a high burden of persuasion. *See* E.D. MICH. L.R. 7.1(h)(3). First, the Eastern District of Michigan local rules provide that:

---

[1] Federal law requires that a plaintiff file a suit in federal court within ninety days of receiving a right to sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1).

2

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*Id.* And, "[a] 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest or plain.' " *Buchanan v. Metz*, 6 F. Supp. 3d 730, 752 (E.D. Mich. 2014) (quoting *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004)).

Similarly, "[a] Rule 59 motion should only be granted if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Mich. Flyer LLC v. Wayne Cty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (citing *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)). " 'A motion under Rule 59(e),' " the Sixth Circuit wrote, " 'is not an opportunity to re-argue a case.' " *Id.* (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). The court reasoned that " '[i]f a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take account of the court's decision.' " *Id.* (quoting *Leisure Caviar*, 616 F.3d at 616). Courts have not utilized this approach because " '[it] would sidestep the narrow grounds for obtaining post-judgment relief under Rules 59 and

60, make the finality of judgments an interim concept and risk turning Rules 59 and 60 into nullities.' " *Id.* (quoting *Leisure Caviar*, 616 F.3d at 616).

The Court's holding was palpable or clear error, according to Resurrection Cemetery, because verification is not dispositive. Dkt. No. 26, p. 3 (Pg. ID 256). It contends that instead the critical inquiry is whether an objectively reasonable examination of the questionnaire reveals that Vincent intended to initiate remedial action. *Id.* Principally relying on *Fed. Express Corp. v. Holowecki*, 552 U.S. 389 (2008), the Defendant then maintains that the filing satisfies this test.

*Holowecki* applies here, but the Defendant misunderstands its mandate. The *Holowecki* court held that a charge must have two characteristics: First, the filing must include "the information required by the regulations, *i.e.*, an allegation and the name of the charged party[]"; and second, "it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Id.* at 402.

Resurrection Cemetery errs by arguing a charge need only possess the second characteristic. *Holowecki* provides that both features are necessary for a filing to constitute a charge. Therefore, in deciding that the first element was not met, the Court need not have examined the second requirement.

Resurrection Cemetery also wrongly contends that the first component outlined in *Holowecki*—the information required by regulations—only demands

4

certain details of the alleged unlawful conduct. Rather, in addition to certain information, EEOC regulations for ADA claims require verification for a filing to be a charge. *See* 29 C.F.R. §§ 1601.09, -12.

Indeed, the Supreme Court in *Holowecki* decided an Age Discrimination in Employment Act of 1967 ("ADEA") challenge, and although that Court's framework applies to ADA claims, the distinction is critical here.[2] *Id.* at 393. For example, EEOC regulations for ADEA claims provide that a document can be a charge, regardless of verification. *See* 29 C.F.R. § 1626.6 ("A charge shall be in writing and shall name the prospective respondent and shall generally allege the discriminatory act(s).").

The ADA, to the contrary, mandates verification. First, 42 U.S.C. § 2000e-5 governs the EEOC's enforcement mandate for ADA claims.[3] *See* 42 U.S.C. § 12117(a). And it establishes that "[c]harges shall be in writing under oath or affirmation and shall contain such information and be in such form as the [EEOC]

---

[2] Recognizing the significance of such distinctions, the Supreme Court cautioned that EEOC procedures for ADEA claims differ from those applicable to other statutes. *Id.* at 393. The Court observed that "[w]hile there may be areas of common definition, employees and their counsel must be careful not to apply rules applicable under one statute to a different statute without careful and critical examination." *Id.* (citing *General Dynamics Land Sys., Inc. v. Cline*, 540 U.S. 581, 586–587 (2004)).
[3] This statute also applies to Title VII actions. *See Williams v. CSX Transp. Co., Inc.*, 643 F.3d 502, 508–09 (6th Cir. 2011).

5

requires." 42 U.S.C. § 2000e-5(b). Charge is not otherwise defined in this section. *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 112 (2002)).

But, like 42 U.S.C. § 2000e-5, EEOC regulations for ADA claims provide that "[a] charge shall be in writing and signed and shall be verified." 29 C.F.R. § 1601.9. "Verified," as used in this section, "mean[s] sworn to or affirmed before a notary public, designated representative of the [EEOC], or other person duly authorized by law to administer oaths and take acknowledgements, or supported by an unsworn declaration in writing under penalty of perjury." 29 C.F.R. § 1601.3(a). Therefore, a filing must be verified to constitute a charge, where plaintiffs raise ADA claims. *See Williams*, 643 F.3d at 508–09 (noting the same for Title VII actions, which apply the same standard as the ADA); *see also Ramirez v. Bolster & Jeffries Health Care Grp., LLC*, 277 F. Supp. 3d 889, 902–04 (W.D. Ky. 2017) (holding that because the plaintiff did not verify an EEOC questionnaire, the questionnaire was not a charge as required to pursue her Title VII and ADA claims).

Finally, the Defendant offers two unpersuasive arguments in construing the Court's denial of summary judgment as palpable or clear error. First, the Defendant's reliance on *Williams v. General Electric Co.*, 269 F. Supp. 2d 958, 964–65 (S.D. Ohio 2003), is misplaced. *Williams* involved an ADEA challenge, and again, the ADEA does not require verification. *See* 29 C.F.R. § 1626.6. The ADA does, however. *See* 29 C.F.R. § 1601.9.

And, the Defendant vigorously disputes the Court's holding on the ground that the EEOC interpreted Plaintiff's intake questionnaire as a charge. Dkt. No. 26-1, pp. 19–22 (Pg. ID 277). This argument lacks merit. *See Woods v. FacilitySource, LLC*, 640 F. App'x 478, 482 (6th Cir. 2016) (concluding that "whether the [EEOC] in fact 'treated the plaintiffs' submissions as charges of discrimination' [was] legally irrelevant").

In light of the foregoing, there was no clear or palpable defect in the Court's denial of the Defendant's summary judgment motion.

## III. Conclusion

The Defendant asks the Court to reconsider its ruling denying the Defendant's Motion for Summary Judgment. As detailed above, however, the Court finds that there was no clear or palpable error in its January 22, 2018 Opinion and Order denying the Defendant's summary judgment motion. Accordingly, the Court will DENY the Defendant's Motion for Reconsideration [26].

IT IS SO ORDERED.

Dated: March 22, 2018 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 22, 2018, by electronic and/or ordinary mail.
<u>/s/ Tanya Bankston</u>
Deputy Clerk